IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL MANUEL MONTOYA,

    Movant,

vs.                                                     No. CV 16-00615 RB/LAM
                                                             No. CR 98-00514 RB

UNITED STATES OF AMERICA,

    Respondent.

**MEMORADUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings upon the Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Movant Miguel Manuel Montoya (CV Doc. 1; CR Doc. 462) ("Motion"). The Court will dismiss the Motion for lack of jurisdiction because the Motion is a second or successive § 2255 motion filed without authorization from the United States Court of Appeals for the Tenth Circuit.

On April 10, 2000, Montoya was convicted and sentenced on charges of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841, 846, and of using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). (CR Doc. 366). Montoya filed his first § 2255 motion to vacate his sentence on March 1, 2001. (CR Doc. 369). In his first motion, he raised issues of ineffective assistance of counsel and violation of 5th and 6th Amendment rights under *Apperendi v. New Jersey,* 530 U.S. 466 (2001). (*See* CR Doc. 378). The Court adopted the Magistrate Judge's proposed findings and recommended decision and dismissed the Motion. (CR Doc. 387, 388). Final judgment was entered on the § 2255 motion on September 20, 2001. (CR Doc. 388).

Montoya then filed his second Motion under 28 U.S.C. § 2255 on June 20, 2016. (CV Doc. 1, CR Doc. 462).

Montoya also filed an application on June 21, 2016 in the Tenth Circuit seeking authorization to proceed on his second § 2255 Motion. On June 24, 2016, the Tenth Circuit ordered the application held in abatement. (CV Doc. 2, CR Doc. 466). The Tenth Circuit lifted the order of abatement and denied Montoya's application to proceed with his second § 2255 Motion by Order dated September 26, 2016. (CV Doc. 6, CR Doc. 469).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Montoya has been denied the required court of appeals authorization to proceed on his § 2255 Motion under § 2244(b)(3)(A). This Court lacks jurisdiction to consider his Motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). Because the Tenth Circuit has already denied authorization, it is not in the interests of justice to transfer this matter.

Montoya does not meet the requirements of § 2255(h) for a second or successive motion challenging his sentence. The Court lacks jurisdiction to consider the Motion and will dismiss this matter. The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Gonzales has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Movant Miguel Manuel Montoya (CV Doc. 1; CR Doc. 462) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE